977 F.2d 581
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles David JOHNSON, Jr., Petitioner-Appellant,
v.
Al C. PARKE, Warden, Respondent-Appellee.
 No. 92-5399.
 United States Court of Appeals, Sixth Circuit.
 Oct. 7, 1992.
 
 Before RYAN and SUHRHEINRICH, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Charles David Johnson, Jr., a Kentucky state prisoner, appeals pro se from the dismissal without prejudice of his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 This habeas petition attacks a conviction for possession of cocaine, possession of drug paraphernalia, first degree persistent felony offender, and felon in possession of a handgun. Johnson raised eight grounds for relief. The magistrate judge recommended that the petition be dismissed without prejudice for failure to exhaust state court remedies as to all of the claims. The district court adopted this recommendation over Johnson's objections.
 
 
 3
 Upon review, it is concluded that this petition was properly dismissed, as it contains both exhausted and unexhausted claims. Johnson may refile his petition raising only the exhausted claims, or raise all of his claims in a new petition after exhausting state court remedies. See Rose v. Lundy, 455 U.S. 509, 518-20 (1982). Johnson's argument on appeal that he presented all his claims to the Kentucky courts is not persuasive. Only two of the claims were properly presented to both the Kentucky Court of Appeals and Supreme Court. Three of the remaining claims were raised in the appellate court but not properly presented to the Supreme Court. These claims could therefore be raised if Johnson could establish cause and prejudice for this procedural default. See Teague v. Lane, 489 U.S. 288, 298-99 (1989). The final three claims were not raised in the appellate court or properly presented to the Kentucky Supreme Court. A state remedy remains available on these claims in the form of a collateral proceeding under RCr 11.42. Johnson must pursue this remedy in the state courts if he wishes to raise those claims in a federal petition.
 
 
 4
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.